Shirley O'NEAL, Appellee,

v.

A. J. "Buck" GRESHAM, Individually
and in his Official Capacity,
Appellant.

Shirley O'NEAL, Appellant,

v.

A. J. "Buck" GRESHAM, Individually
and in his Official Capacity,
Appellee.

Nos. 74–2030, 74–2031.

United States Court of Appeals,
Fourth Circuit.

Argued April 8, 1975.

Decided July 8, 1975.

William H. Murdock, Durham, N. C. (Murdock & Jarvis, Durham, N. C., on brief), for appellant in 74–2030 and for appellee in 74–2031.

James V. Rowan, Durham, N. C. (Paul, Keenan, Rowan & Galloway, Durham, N. C., on brief), for appellee in 74–2030 and for appellant in 74–2031.

Before HAYNSWORTH, Chief Judge, RUSSELL, Circuit Judge, and CLARKE, District Judge.*

DONALD RUSSELL, Circuit Judge:

The plaintiff had been temporarily employed by Durham County (North Carolina) in the office of the Register of Deeds. Her employment was terminated on December 29, 1972 by the defendant, who was the Register. She claims she was discharged for refusing to disclose for whom she voted in a recent election and specifically for refusing to vote for candidates nominated by the Democratic Party. Contending that discharge under those circumstances was violative of her constitutional rights, she sued the defendant Register individually under § 1983, 42 U.S.C.[1] By answer to her complaint, the defendant denied that the plaintiff was discharged and alleged on the contrary that the plaintiff's employment was specifically understood to be temporary, for a fixed, limited period of time, which ended on December 29, 1972. He, also, alleged by way of defense that, assuming that there was a discharge and that the discharge was improper, the plaintiff had failed reasonably to mitigate her damages. In support of this defense, the defendant alleged that, at the termination of her temporary employment in the Register's Office, the plaintiff "was advised that she could have employment in another branch of the County government, to wit, the Tax Office, which employment the Plaintiff declined to accept."

After trial, the District Court found as a fact that the plaintiff had been discharged, at least in part, for her refusal to disclose how she voted and her refusal to commit herself to vote only for Democratic candidates in the future and, on the basis of that finding, concluded that such discharge was a violation of plaintiff's constitutional right to be free from coercion or intimidation in the exercise of her right to vote. Finding that plaintiff "was unable to find substitute employment until March 5, 1973," it awarded her damages in the amount of the salary she would have earned had she worked in the Register's Office from December 29, 1972 to March 5, 1973. It, however, denied plaintiff any recovery for attorney's fees. The defendant has appealed from the award of damages against him and the plaintiff has appealed the denial to her of attorney's fees.

■ It is the defendant's contention on his appeal that the District Court erred in finding that the plaintiff had been discharged. The District Court's factual findings that the plaintiff had been discharged and on the reasons for that discharge can only be reversed on appeal if clearly erroneous. There was a clear-cut dispute in the evidence on this issue. The District Court found the version of the plaintiff more credible and that finding was not clearly erroneous

---

* Sitting by Designation.

1. The plaintiff premised jurisdiction under both § 1983 and § 1971(b), 42 U.S.C. We disregard for such purposes § 1971(b). See note 2, infra.

and may not be disturbed. It was not seriously argued that if the District Court's finding on the reason of the discharge be accepted, the defendant, by the discharge, violated the plaintiff's constitutional rights entitling her to damages under § 1983.[2] We accordingly find no merit in the defendant's argument that the District Court erred in not dismissing the plaintiff's action.

■ The defendant, however, is on firmer ground in his claim that the District Court erred in failing to give attention to or to rule on his contention that the plaintiff had not reasonably mitigated her damages. An improperly discharged employee cannot remain idle, claiming lost wages by way of damages from date of discharge; she must make a reasonable effort to mitigate her damages by accepting other suitable employment offered her.[3] This is as true in a § 1983 discharge case as in any other.[4] In argument in this Court, it was conceded that something in the nature of other County employment had been tendered or discussed with the plaintiff and she either refused it or failed to pursue it. The plaintiff offered some explanation at trial, it seems, of her refusal to pursue the matter with the County or to accept the tender. One reason assigned for refusal was the feeling on the part of the plaintiff that such employment might be terminated for the same reason as her employment in the Register's office. Whether there was any basis for this fear was not developed in the record. The District Court, in its findings, made no reference to any opportunity extended to the plaintiff for other employment similar to that which she had had in the Register's office. Whether the plaintiff had been offered other employment by the County and whether the plaintiff had failed to mitigate her damages by accepting such tender was an important issue in the case, essential to the proper determination of the amount of damages, if any, recoverable by the plaintiff, and should have been covered by an appropriate finding. It is true, the District Court did find that the "plaintiff was unable to find substitute employment until March 5, 1973" and it is argued that it must be assumed from this either that the Court felt no real, good faith offer was made, or that the plaintiff had a valid reason for refusing it, if made. Expressed in ultimate and "absolute terms," this finding "is predicated on no articulated subsidiary findings or reasoning."[5] As one court has said, the requirement of Rule 52(a) "is not met by the statement of the ultimate fact without the subordinate factual foundations for it which also must be the subject of specific findings."[6] In failing in this case to spell out the subordinate facts on which its ultimate conclusion rested, the Court left to speculation whether the District Court felt that the County had not offered plaintiff other employment at the time her employment in the Register's office terminated, or whether the offer, if made, was not made in good faith, or whether there was a valid reason for the plaintiff's refusing such offer, if made. Rule 52(a) requires that the findings of "subordinate" facts resolve these issues

---

2. See Brooks v. Nacrelli (D.C.Pa.1971) 331 F.Supp. 1350, 1352, aff'd. (3rd Cir.) 473 F.2d 955; Hanover Tp. Fed. of Teach. L. 1954 v. Hanover Com. Sch. Corp. (7th Cir. 1972) 457 F.2d 456, 460. Plaintiff's reliance on § 1971, 42 U.S.C., however, seems ill-founded, since that statute is "applicable only where voter intimidation is racially motivated." Brooks v. Nacrelli, supra. But, as Brooks points out, "'the Constitution of the United States protects the right of all qualified citizens to vote, in state as well as in federal elections'" [quoting from Reynolds v. Sims, 377 U.S. 533, at 554, 84 S.Ct. 1362, at 1377] and action under color of authority that seeks to interfere with that right through coercion or intimidation will support a § 1983 action, irrespective of the inapplicability of § 1971(b).

3. See, Annotation, 44 A.L.R.3d 629.

4. Williams v. Albemarle City Board of Education (4th Cir. 1973) 485 F.2d 232.

5. Patrician Towers Owners, Inc. v. Fairchild (4th Cir. 1975) 513 F.2d 216, at 219.

6. O'Neill v. United States (3d Cir. 1969) 411 F.2d 139, 146.

and be set out in the findings of the District Court. Without such findings an appellate court cannot review properly the decision below on the issue of mitigation of damages.

The cause must accordingly be remanded to the District Court with instructions to make specific findings on the issue of mitigation of damages.

 As already stated, the plaintiff has appealed the denial to her of attorney's fees. Such denial is clearly required under the recent decision of *Alyeska Pipeline Service Co. v. Wilderness Society* (1975) 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (decided May 12, 1975).

Remanded with directions.